United States District Court
Southern District of Texas
**ENTERED**
February 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>  v.<br><br>WILLIAM PARKER,<br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CRIMINAL NO. 2:15-44-2 |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant William Parker's Motion for Compassionate Release Pursuant to 3582(c) (D.E. 61), to which the Government has responded (D.E. 68).

**I. BACKGROUND**

In 2015, Defendant pled guilty to conspiracy to possess with intent to distribute 478.7 grams of methamphetamine (actual). He has served approximately 85 months (71%) of his 120-month sentence and has a projected release date, after good time credit, of July 6, 2023. He now moves the Court to reduce his sentence to time served or order that he be allowed to serve the remainder of his sentence on home confinement because his underlying medical conditions (obesity, cardiomyopathy, and former heavy smoker) make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison. Defendant's administrative request for a sentence reduction based on his COVID-19 concerns was denied by the warden of FCI Milan on October 15, 2020.

The Government opposes compassionate release because Defendant has not offered evidence that he suffers from any medical condition that would place him at a higher risk for COVID-19 complications, and, even if he had, he no longer presents an "extraordinary and compelling" reason for release because he has declined vaccination.

1

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that*—
> *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary

and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness

---

1. **(A) Medical Condition of the Defendant.** –
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—
       (I) suffering from a serious physical or medical condition,
       (II) suffering from a serious functional or cognitive impairment, or
       (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant.** –
    The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

    **(C) Family Circumstances.** –
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    **(D) Other Reasons.** –
    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by

4

> simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

### III. ANALYSIS

#### A. Extraordinary and Compelling Circumstances

Defendant's medical records show that he is an essentially healthy 41-year-old man. During his time in BOP custody, he has sought treatment for hepatitis C, vision issues, skin conditions, various dental issues, a sprained knee, and an ear infection—all of which appear well-controlled at this time or resolved. He is fully ambulatory, engages in all normal activities of daily living, and can participate in educational programs and work in the prison with no medical restrictions. Defendant submitted medical records from 2009 diagnosing him with viral cardiomyopathy; however, the only mention of cardiomyopathy in Defendant's BOP medical records was during intake questioning in 2015, and there is nothing to indicate he still suffers from this condition. There is also nothing in Defendant's medical records to support his claim that he is

obese.² His records do show, however, that he was offered the Moderna COVID-19 vaccine on April 5, 2021, and the Pfizer COVID-19 vaccine on June 1, 2021, but he refused both vaccines. He has no known medical contraindication for either vaccine.

"Courts now widely recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release." *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021). "While the vaccine is not 100% effective at preventing COVID-19 infection, it reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions. For this reason, 'the glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion.'" *United States v. Tobin*, 2021 WL 3913584, at *3 (S.D. Tex. Aug. 31, 2021) (Tipton, J.) (quoting *United States v. Sawyers*, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021)).³ The Court

---

2. The Presentence Investigation Report states that "[D]efendant is six feet, two inches tall, weighs 205 pounds . . . . The defendant reported that he was diagnosed with cardiomegaly (enlarged heart) in 2008. The defendant stated that he has not seen a doctor for this condition since 2009. . . . The defendant reported that he is not taking any medication and is not under the care of a doctor." PSR, D.E. 41, ¶ 42.

3. *See, e.g.*, *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021); *United States v. Swindler*, 2021 WL 2374231, at *3 (D.S.C. June 10, 2021); *United States v. Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021); *United States v. Strother*, 2021 WL 2188136, at *8 (E.D. Tex. May 27, 2021); *United States v. Redman*, 2021 WL 1737485, at *1 (W.D. Pa. May 3, 2021); *United States v. Deleston*, 2021 WL 1731779, at *2 (S.D.N.Y. May 3, 2021); *United States v. Braxton*, 2021 WL 1721741, at *5 (E.D. Tex. Apr. 30, 2021); *United States v. McIntosh*, 2021 WL 1660682, at *4 (S.D.N.Y. Apr. 28, 2021); *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021); *United States v. Baptiste-Harris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021); *See United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021); *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021); *United States v. Ortiz*, 2021 WL 1422816, at *4–5 (E.D. Pa. Apr. 15, 2021); *United States v. Gianelli*, — F. Supp. 3d. —, 2021 WL 1340970, at *2 (D. Mass. Apr. 9, 2021); *United States v. French*, 2021 WL 1316706, at *6 (M.D. Tenn. Apr. 8, 2021); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021); *United States v. Baeza-Vargas*, — F. Supp. 3d. —, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021); *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021); *United States v. Piles*, 2021 WL 1198019, at *3 (D.D.C. Mar. 30, 2021); *United States v. Toney*, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021); *United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021); *United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021); *United States v. White*, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021); *United States v. Reynoso*, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021); *United States v. Byrd*, 2021 WL 929726, at *3 (D.N.J. Mar. 11, 2021); *United States v. Goston*, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Israilov*, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021); *United States v. Jackson*, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021); *United States v. Mascuzzio*, 2021 WL

adopts this reasoning and finds that Defendant may not manufacture his own "extraordinary and compelling" circumstances by refusing to be vaccinated against COVID-19. "While he is certainly well within his rights to make his own decisions as to his own medical care, the Court can reach no other conclusion but that if Defendant had any serious concerns or fears for his health, safety and well-being as a consequence of the coronavirus, he would have availed himself of the COVID-19 vaccine which was offered." *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021); *see also United States v. Gianelli*, 2021 WL 1340970 (D. Mass. Apr. 9, 2021) ("Although defendant has the right to refuse medical treatment, this Court will not reward such refusal to protect himself with a get-out-of-jail card.").

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

The offense of conviction—conspiracy to possess with intent to distribute 478.7 grams of methamphetamine—involved both a controlled substance and a firearm. The evidence against Defendant was also strong. He admitted to DEA agents that he was going to be paid $500 to take a package of drugs from Texas to Indiana, and he ultimately pled guilty to the sole count in the indictment. Defendant's criminal history score was 5 and included prior convictions for, among other things, inflicting corporal injury on his girlfriend, assaulting a separate girlfriend, and taking a vehicle without permission. The PSR also detailed another arrest for trespass and assaulting his ex-girlfriend, in which charges were dismissed without prejudice.

Based on the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the

---

794504, at *3 (S.D.N.Y. Mar. 2, 2021); *United States v. Martinez*, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021); *United States v. Robinson*, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021); *United States v. Lohmeier*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021); *United States v. McBride*, 2021 WL 354129, at *3 (W.D. N.C. Feb. 2, 2021); *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021).

Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that a sentence below the mandatory minimum would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission and § 3553(a). Defendant's Motion for Compassionate Release Pursuant to 3582(c) (D.E. 61) is therefore **DENIED**.

It is so **ORDERED** this 9th day of February, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE